# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**MARK PITTMAN,**                                                                          **PETITIONER**

**v.**                                                          **No. 1:14CV174-MPM-DAS**

**STATE OF MISSISSIPPI, ET AL.**                                            **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Mark Pittman for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to exhaust state remedies. The petitioner not responded to the motion, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the petition dismissed without prejudice for failure to exhaust state remedies.

## Exhaustion

Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>     (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
>     (B) (i) there is an absence of available State corrective process; or
>          (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

Mark Pittman, is in the custody of the Mississippi Department of Corrections and is currently housed at the Central Mississippi Correctional Facility in Pearl, Mississippi (in the satellite facility in Yazoo, Mississippi). On June 30, 2014, Pittman entered a guilty plea to count of burglary of a dwelling in the Circuit Court of Webster County, Mississippi. He was sentenced at that time as a habitual offender to serve a term of twenty-two years in the custody of the Mississippi Department of Corrections ("MDOC"), and, upon completion of seventeen years, to serve five years post-release supervision. According to the office of the Webster County Circuit Clerk, Pittman has not filed a motion for post-conviction relief regarding this conviction. Further, the office of the Mississippi Supreme Court Clerk do not reflect that Pittman has filed an appeal in that court.

Pittman filed the instant petition for a writ of *habeas corpus* on September 9, 2014, (originally filed in the Southern District, transferred to the Northern District). In his petition he raises the following grounds for relief *pro se*:

> **Ground One.** Was indicted on hearsay, then he changed his statement, there was no evidence that I was even at this house, no DNA, no fingerprints or anything, just what the man said.
>
> **Ground Two.** Webster County told me if I didn't plea to this crime then the[y] would take me to trial and give me 25 yrs mandatory.

In the instant petition, Pittman acknowledges that he did not raise these issues in a state post-conviction motion or a petition for habeas corpus in state court.

Pittman may still seek post-conviction collateral relief in Mississippi state court under Miss. Code Ann. § 99-39-5. Thus, as Pittman still that remedy available to him, the instant petition for a writ of *habeas corpus* must be dismissed for failure to exhaust state remedies. The court cautions the petitioner that the one-year federal *habeas corpus* limitations period has been running during the pendency of this federal petition, and the petitioner needs to move with diligence to ensure that he exhausts state remedies prior to the expiration of the federal *habeas corpus* deadline. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 23rd day of July, 2015.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**